Argued August 20, reversed September 22, 1975

McKINNEY, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. L-3850), *Appellant.*

540 P2d 393

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Gary L. Marlette,* Baker, argued the cause for respondent. With him on the brief were Banta, Silven and Young.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

In this workman's compensation case, by an initial

determination order, claimant was awarded 50 per cent of the maximum allowable by statute for unscheduled low back disability. This award was affirmed by the referee and by the Workmen's Compensation Board. The circuit court found that claimant was permanently and totally disabled. We agree with the referee and the Board.

It is conceded that claimant's physical disabilities are moderate. The issue is whether plaintiff is suffering from a functional overlay in its true sense. The referee in his opinion concluded:

"I am therefore not satisfied that this is a valid conversion reaction case. I feel instead that although this claimant may have had problems originating from before the industrial accident, that he has utilized the accident to magnify these, and has also used the accident to support his decision to retire. I find his credibility poor. I find little credibility in the witnesses' statements about how spry and active the claimant was prior to this accident, when his own doctor indicated that he was suffering from mental depression and physical exhaustion at the time of said accident. I am not even certain there was an industrial accident, based on the fact that almost one month elapsed between the alleged date, and the completion of the 801. However, it had been accepted, and the previous award will not be disturbed."

As the Board pointed out, the psychological evaluation of claimant concluded that " 'for all intents and purposes, this man has decided to retire and is not interested in the assistance of the Department of Vocational Rehabilitation.' "

Giving weight to the unequivocal finding by the referee on the issue of the credibility of the witnesses, we find that claimant has failed to meet his burden of proof.

Reversed.